# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JENNIFER BEAUFORD, et al.                                                                   PLAINTIFFS

v.                                          NO. 4:12CV00139 JLH

ACTIONLINK, LLC                                                           DEFENDANT

## OPINION AND ORDER

The plaintiffs served writs of garnishment with allegations and interrogatories on Samsung Electronics America, Inc., and Sony Interactive Entertainment America, LLC. Neither garnishee responded within 30 days. The plaintiffs then filed a motion requesting the Court to issue a notice to the garnishees that would require them to appear personally at a hearing pursuant to Ark. Code Ann. § 16-110-407. The Court denied the motion, noting that nothing in the record indicated that either garnishee was subject to personal jurisdiction within the State of Arkansas and commenting that, under the circumstances, conducting such a hearing might well be a waste of time.

The plaintiffs have moved to reconsider, arguing that both garnishees have sufficient contacts with the State of Arkansas to render them subject to personal jurisdiction within this state. Although the plaintiffs present a colorable claim that the garnishees may be subject to personal jurisdiction within the State of Arkansas, they still do not resolve the fundamental problem of whether the Court can require either garnishee to appear personally.

The garnishees are foreign corporations. According to the plaintiffs, both of them have offices in Bentonville, Arkansas, which is more than 200 miles from Little Rock, where this Court sits. The Court has the authority to issue a subpoena to command a person to attend a hearing within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed.

R. Civ. P. 45(c)(1)(A).[1]  Similarly, a subpoena may command production of documents, electronically-stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.  Fed. R. Civ. P. 45(c)(2)(A).  An order requiring a person to appear personally pursuant to Ark. Code Ann. § 16-110-407 would be a subpoena.  *See* Black's Law Dictionary (9th Ed. 2009) at 1563 (defining *subpoena* as a "writ or order commanding a person to appear before a court or other tribunal, subject to a penalty for failing to comply").  Assuming that Samsung and Sony have offices in Bentonville, Arkansas, and assuming that some person in each of those offices has knowledge sufficient to respond to the allegations and interrogatories, those persons are not within 100 miles of Little Rock, where a hearing would be conducted.

This Court will not issue an order that it cannot enforce.  It is not aware of any means by which it could enforce an order requiring Samsung and Sony to appear at a hearing in Little Rock to answer questions regarding whether it is indebted to ActionLink, LLC, and if so how much.  The motion for reconsideration is DENIED.  Document #220.

IT IS SO ORDERED this 13th day of December, 2017.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Rule 45(c)(1)(B) provides for service of a subpoena requiring a party to attend a trial, hearing, or deposition anywhere in the state where the party resides.  In Arkansas, garnishees are not parties.  *Ross v. Rich*, 210 Ark. 74, 81-82, 194 S.W.2d 297, 300 (1946).